S. S. ALSOP and wife v. W. E. BOWERS, Adm'r (with will annexed) and others.

*Will -- Abatement of Legacies.*

Where a testator by will gave to certain persons pecuniary legacies out of an ascertained fund, and gave the residue of the fund to another and it became necessary to apply a portion of the fund to the payment of debts; *Held*, that all the legacies should abate ratably.

SPECIAL PROCEEDING commenced in the Probate Court of HALIFAX County, and heard on appeal on the 18th day of November, 1876, at Chambers, before *Watts, J.*

The case involved the construction of that part of the will of Margaret A. Dunn, contained in the 1st, 5th and 7th clauses thereof, which are as follows :

1. "I give and bequeath my real and personal estate as follows ; of the bonds due (by sundry parties and the funds in the Savings Bank at Warrenton, N. C., I give to my nephew's children, Mary Powell, $300, Wiley Powell, $300; to my niece's children, Eugene Allen, $200, Ivy Allen. $200; and the residue of said funds after paying above amounts. I give to my niece Martha Burnett, (Martha Alsop, the feme plaintiff.)

5. "I direct my executor to sell the cattle (&c., &c.,) and the residue of my property at Vine Hill in Nash County, and to divide the proceeds of the sale among my step-children, W. O. and Frank Dunn.

7. "The above requests having been complied with, I give to my step-children, William, Martha and Frank Dunn, any interest or property that I have or may have in their father, Benjamin Dunn's estate, after deducting therefrom and paying all debts and money due by me."

The fund provided for in the 7th clause was insufficient to pay the debts, there remaining unpaid after its exhaustion, about $300. The fund in the Savings Bank amounted to about $2,100.

The plaintiffs insisted that the unpaid debts should be discharged by a ratable contribution from all the legatees, and that the legacies bequeathed in the 1st and 5th clauses should abate ratably.

The defendants Powell and Allen insisted that the legacies bequeathed to them in the 1st clause should be paid in full notwithstanding the fact that the residue to plaintiff might be affected by debts.

His Honor held, that all the legacies in the 1st and 5th clauses of said will should abate ratably until a fund sufficient to pay the debts be raised and that the defendants (legatees) divide ratably with the plaintiff Martha the fund provided in the 1st clause, reduced by its proper assessment to pay debts, in the same proportion as if there had been no abatement.

From this judgment the defendants appealed.

Mr. Walter Clark, for the plaintiffs.
Messrs. Moore & Gatling and C. A. Cook, for the defendants.

PEARSON. C. J. The general rule is, a residuary legacy is to be taken for the payment of debts in the first instance; then general or pecuniary legacies; then specific legacies. When there are several legacies in the same class the abatement is *pro rata*

It was conceded on the argument that the legacy of Martha Burnett is not a "residuary legacy" in the sense in which these words are used by the books. But it was insisted that as she took the residue of a fund after the payment of certain amounts to Powell and others, the legacy bears a close

analogy to a residuary legacy and is to be taken for the payment of debts in the first instance, and has no claim upon the pecuniary legacies for abatement *pro rata.*

We do not think the analogy applies. The reason for subjecting a residuary legacy to the payment of debts in the first instance, is, because in most wills there is an express provision for the payment of debts and until that is done, the subject of the legacy is not ascertained. The words commonly used, are "after the payment of my debts and the legacies hereby given I bequeath the residue of my estate, &c" Where there is no express provision to that effect, the Courts supply it by implication. As to the legacies set out in the will, the word "residue" covers them. As to the payment of his debts the reasoning is ; the testator knew that his debts had to be paid before his legacies, *ergo*, subjecting this legacy to the payment of all other legacies of necessity subjects it to the payment of his debts in the first instance. This reasoning does not apply to a specific legacy of an ascertained fund minus the payment out of it of certain sums to be paid to her grand nephews and nieces, for there is nothing to imply that it was the intention to add also ' minus the payment of my debts" an unexpected event.

We are satisfied that it was the intention of the testatrix to divide this fund between her niece and grand nephews and nieces according to a ratio fixed in her mind, without reference to the payment of her debts. And there is nothing to support the inference that she intended to have this ratio of division altered by the contingency of debts. It follows that there must be a ratable abatement of what she gives to her niece and what she gives to her grand nephews and nieces, upon the principle, "equality is equity."

The counsel for the defendant, in our opinion, failed to distinguish this case from *Everitt* v. *Lane*, 2 Ire. Eq. 548. There the testator gives a negro by name to A and a negro

by name to B, and directs these negros by name to be sold, and gives the "balance" of his negros to C; *Held* this is not a residuary legacy, but all are specific legacies and must abate ratably.

In our case, as the legacies to the defendants are pecuniary, according to the general rule, they would be liable to debts in the first instance, but for the fact that these legacies are demonstrative, that is to be paid out of a certain fund, which brings them up to the dignity of the specific legacy to the plaintiff and thus calls for an abatement *pro rata.*

No error.

PER CURIAM.                         Judgment affirmed.